NO. 07-09-0188-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 20, 2009

_____

JOSE A. SALAZAR,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2007-445,625; HON. RUSTY LADD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Jose A. Salazar (appellant) appeals his conviction for driving while intoxicated. By letter dated June 11, 2009, we informed appellant that it appeared his notice of appeal was untimely and he had until June 22, 2009, to provide us with any information that would be necessary to our determination of jurisdiction. To date, no response has been filed. We dismiss the appeal for want of jurisdiction.

To be timely, a notice of appeal must be filed within 30 days after the sentence is imposed or suspended in open court or within 90 days after that date if a motion for new trial is filed.  TEX. R. APP. P. 26.2(a).  In the case at bar, appellant was sentenced on April 30, 2009.  No motion for new trial having been filed,  appellant's notice of appeal was due to be filed June 1, 2009.  Because the record discloses that appellant's notice of appeal was received on June 4, 2009, without seeking an extension of the deadline, TEX. R. APP. P. 26.3, the notice of appeal was late.

A timely filed notice of appeal is essential to invoke our appellate jurisdiction.  *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  If it is untimely, we can take no action other than to dismiss the proceeding.  *Id*. at 523.  Appellant's notice being untimely filed, we have no jurisdiction over the matter and dismiss the appeal.

Accordingly, appellant's appeal is dismissed.

Brian Quinn
Chief Justice


Do not publish.